IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY MCDORMAN, and JOSEPH PIEKIELKO, | ) ) ) | |
| Plaintiffs, | ) ) | No. 05 C 448 |
| v. | ) ) | Judge Robert W. Gettleman |
| OFFICER KEVIN SMITH, MICHAEL SANCHEZ, SGT. DANIEL MCDONALD, LT. DENNIS WALSH, KELLY HJELLUM, KARI HJELLUM, DONALD LEWIS and the CITY OF CHICAGO, | ) ) ) ) ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to compel a mental examination pursuant to Federal Rule of Civil Procedure 35(a), brought by defendants, Officer Kevin Smith, Sgt. Daniel McDonald, and Lt. Dennis Walsh (collectively "defendants"). For the reasons set forth below, defendants' motion is granted.

**I. Background**

On February 22, 2007, plaintiffs Kimberly McDorman ("McDorman") and Joseph Piekielo filed their fifth amended complaint alleging multiple counts, including equal protection claims under 42 U.S.C. § 1983. The suit involves a 2004 traffic accident between McDorman and defendants. McDorman alleges that off-duty officer Michael Sanchez, a defendant in this case, was driving one of the vehicles involved in the accident while under the influence of alcohol. The complaint further alleges that following the collision, defendants conspired to indicate McDorman as the driver at-fault, failed to indicate Officer Sanchez as one of the drivers, and documented that, in fact, the

driver of the other vehicle was unknown. Plaintiffs, therefore, seek damages for physical and emotional injury for defendants actions in allegedly conspiring to wrongfully issue several traffic citations in an attempt to protect one of their officers.

Plaintiffs have named witnesses who will testify regarding McDorman's alleged emotional distress and to the existence of a number of specific psychological and psychiatric conditions stemming from, or contributed to by, the 2004 traffic accident and the conduct thereafter by defendants. In October 2005, plaintiffs disclosed McDorman's neurologist and in July 2007 plaintiffs disclosed three additional treaters. On December 7, 2007, the parties deposed McDorman's treating psychiatrist, Meg Knowles, M.D.

On January 24, 2008 the Court set the discovery schedule for Rule 26(a)(2) expert disclosures, requiring them to be exchanged by April 14, 2008. On April 28, 2008, plaintiffs submitted their disclosures, albeit two weeks after the order required. On May 27, 2008, after they filed the instant motion, defendants represented to the Court that they had yet to comply with the Court's order, at which time the Court ordered them to do so by May 28, 2008. Though defendants claimed to have believed that they were unaware that these disclosures were due, the record in this case belies this assertion.[1] Similarly, although plaintiffs claim that they are prejudiced by the tardiness of this request, the record also shows that they made no effort to enforce their rights under Rule 26(a)(2) when they did not receive any expert disclosures, preferring instead to "run out the clock." Plaintiffs have a history of filing discovery motions when they deem it necessary, the Court counting no less than 16 filed by plaintiffs since the year 2007 alone. There was no reason, therefore, for plaintiffs to fail to file a motion at this point in the discovery process. Following a request by the

---

[1] *See McDorman v. Smith,* 05 C 448, Minute Order, June 2, 2008 (dkt 520).

parties, the deadline for all discovery was then extended by the district court to June 12, 2008. This discovery request comes on the eve of that new date.

## II. Discussion

Defendants seek an order requiring McDorman to undergo a psychiatric examination by their expert, Steven Weine, M.D. Defendants argue that an interview is required before Dr. Weine can properly opine on McDorman's condition because simply deposing or cross-examining McDorman's treaters is not a sufficient replacement for first-hand observations of a psychiatrist. McDorman objects, asserting that defendants have not shown good cause.

When the mental or physical condition of a party is in controversy, Rule 35(a) gives the court the authority to order a party to submit to a physical and mental examination.[2] The party seeking the examination not only must show that the condition for which the examination is sought is genuinely in controversy but must also show that "good cause exists" for ordering the examination.[3] To meet the good cause requirement, the moving party must show more than conclusory allegations of the pleadings and the "ability of the movant to obtain the desired information by other means is also relevant."[4]

There is no dispute that McDorman's mental condition has been placed "in controversy" but there is a question as to whether the good cause requirement has been met. Despite defendants' contentions to the contrary, the 'in controversy' and 'good cause' requirements are two distinct tests. The good cause analysis, therefore, does not become superfluous simply because the 'in

---

[2] Fed.R.Civ.P. 35(a).

[3] *Schlagenhaug v. Holder,* 379 U.S. 104, 118 (1964).

[4] *Schlagenhaug,* 379 U.S. at 118.

controversy' element is satisfied.[5] Plaintiffs proffer two arguments for lack of good cause: (1) that the request comes too late; and (2) defendants have failed to exhaust other discovery methods to uncover the information they seek. In their original motion, defendants failed to show why they had only taken Dr. Knowles' deposition and not the depositions of McDorman's other treaters. Defendants' expert's affidavit also failed to provide, as required by Rule 35, the proper scope of the examination because it merely stated that a forensic psychiatric interview for a period of three hours would be helpful to assess the relevance of McDorman's past and present mental status.[6] The Court questioned defendants as to why Dr. Knowles' deposition and the other medical reports could not be evaluated by Dr. Weine as a way to prepare a defense to the plaintiffs' case. This is important because defendants have "the burden of producing evidence to satisfy the court that the mental examination is necessary and the desired information cannot be otherwise obtained."[7] The Court also questioned defendants' timing of the motion. It became clear in court that defendants had yet to disclose their experts and, despite knowing of plaintiffs' condition and allegations of mental distress due to the accident, they had failed to request a Rule 35 examination before the eve of the discovery cutoff.

Following a request by the Court, defendants submitted a supplemental brief more clearly delineating the scope and manner of Dr. Weine's proposed examination. Defendants argue that they are not required to further depose McDorman's other six treaters that they expect will testify as to

---

[5]*See Schlagenhaug,* 379 U.S. at 118 (noting the 'in controversy' and 'good cause' requirements of Rule 35); *see also Jansen v. Packaging Corp. of Am.,* 158 F.R.D. 409, 410 (N.D. Ill 1994)(assessing whether "good cause" was shown for a mental examination pursuant to Rule 35).

[6]*See Valita v. City of Chicago,* 1986 WL 8736, *2 (N.D. Ill., Aug. 1, 1986).

[7]*Valita,* 1986 WL 8736, *2.

her condition because they have already satisfied the exhaustion factor by deposing McDorman herself, her treating psychiatrist, and her husband. Defendants cite *Everly v. United Parcel Services, Inc.*, to support the proposition that there is no need to depose the other treaters to satisfy the 'good cause' requirement.[8] In that case, the court held that good cause was shown for a mental examination because the defendant's medical expert had "reviewed the medical records of the plaintiff and found that such records were 'not sufficiently informative from a psychiatric standpoint.'"[9] This case is, nonetheless, distinguishable from *Everly* because there, the psychiatrist had reviewed all possible medical records before opining that a mental examination was necessary. Here, Dr. Weine could have considered more medical history had defendants deposed the additional treaters. The Court finds, however, Dr. Weine's supplemental affidavit sufficiently explains specific categories that he seeks to evaluate and provides additional detail regarding his need to directly interview McDorman, regardless of the availability of other treaters' testimony or records. The Court considers this enough to satisfy defendants' burden on this point.

Defendants have a more difficult time of convincing the Court that their motion should be granted when they have delayed in seeking a Rule 35 examination, despite the fact that defendants have known of McDorman's condition since at least 2007, if not before. "The federal Rules of Civil Procedure plainly contemplate that a Rule 35 ...examination is a discovery measure" and, therefore, must be "accomplished within the discovery deadline established by the court."[10] A defendant's delay in seeking a Rule 35 examination, thus, supports a finding that no good cause has been

---

[8] 1991 WL 18429 (N.D. Ill., Feb. 5, 1991).

[9] *Everly v. United Parcel Services, Inc.,* 1991 WL 18429, *1 (N.D. Ill., Feb. 5, 1991).

[10] *Briesacher v. AMG Resources, Inc.,* 2005 WL 2105908, *1 (N.D. Ind, Aug. 31, 2005)

shown.[11] Though the circumstances in this case demonstrate defendants' failure to follow the discovery schedule and their late attempt to secure a mental examination, we cannot say that any prejudice to plaintiffs in going forward with the examination outweighs the probative force. Plaintiffs are not free from fault when it comes to discovery delays and allowing Dr. Weine to examine McDorman "has the effect of providing a level playing field for the parties."[12] We therefore grant defendants' motion to compel.

## II. Conclusion

For the reasons set forth above, defendants' motion to compel a Rule 35 mental examination of McDorman, the scope of which is set forth in their briefs, is granted [dkt 501]. McDorman's treating psychiatrist is allowed to attend the examination with Dr. Weine. In light of this ruling and the impending discovery cutoff, the parties have a limited time to complete the examination. The parties are reminded that their discovery cutoff remains June 12, 2008 and that it cannot be altered by this Court.

**IT IS SO ORDERED**

**ENTERED: June 5, 2008**

_____

UNITED STATES MAGISTRATE JUDGE

---

[11] *See Miksis v. Howard,* 106 F.3d 754, 758-60 (7th Cir. 1997); *see also Briesacher,* 2005 WL 2105908, *2.

[12] *See Usher v. Lakewood Engineering & Mfg. Co.,* 158 F.R.D. 411, 414 (N.D. Ill. 1994)(noting that in weighing possible prejudice against probative force, the opportunity to conduct a mental examination is a better result because it allows the trier of fact to resolve the "battle of the experts").